UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAME PRODUCTS,<br><br>   Plaintiff,<br><br> -against-<br><br>THE METROPOLITAN TRANSPORTATION AUTHORITY ("MTA"), JANNO LIEBER , individually and in his official capacity as Chief Development Officer and President of MTA Capital Construction, and PAT FOYE, individually and in his official capacity as Chairman and Chief Executive Officer of the MTA,<br><br>   Defendants. | Case No. 1:19-cv-05649-PKC<br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

   Defendants the Metropolitan Transportation Authority ("MTA"), Janno Lieber ("Lieber"), and Patrick Foye ("Foye") (together, "Defendants"), by and through their undersigned attorneys, Davis Wright Tremaine, LLP, hereby submit their answer and affirmative defenses to the Amended Complaint of Plaintiff Dame Products ("Plaintiff").

   For the avoidance of doubt, Defendants deny any and all statements in the section headings or otherwise made outside the numbered paragraphs of the Amended Complaint, as well as each and every allegation contained in the Amended Complaint that is not specifically admitted herein. As to the allegations contained in the numbered paragraphs of the Amended Complaint, Defendants hereby answer as follows:

**PRELIMINARY STATEMENT**

   1.  The allegations in Paragraph 1 appear to describe a hypothetical set of facts, to which Defendants are not required to respond. To the extent the allegations in Paragraph 1 are

deemed to be allegations of fact, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations therein.

2.      The allegations in Paragraph 2 appear to describe a hypothetical set of facts, to which Defendants are not required to respond.  To the extent the allegations in Paragraph 2 are deemed to be allegations of fact, Defendants deny the allegations therein.

3.      The allegations in Paragraph 3 appear to be images of advertisements purportedly described in the hypothetical set of facts set forth in Paragraphs 1 and 2, to which Defendants are not required to respond.  To the extent the allegations in Paragraph 3 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that the advertisements referenced therein appeared in MTA advertising space under different circumstances than described in the Amended Complaint and at different time periods.

4.      Defendants deny the allegations in Paragraph 4, except admit that the advertisements referenced therein appeared in some MTA advertising space (whether in subway stations or on subways or buses) at some point in time and deny sufficient knowledge or information to form a belief as to the truth of the allegation that the businesses behind those advertisements reaped any financial benefit and prestige as a result of those advertisements.

5.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, except admit that Dame Products submitted advertisements that do not appear in MTA advertising space.

6.      To the extent the allegations in Paragraph 6 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 6 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that the MTA rejected Plaintiff's submitted advertisements under the MTA Advertising Policy.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8, except admit that the MTA rejected Plaintiff's submitted advertisements under the MTA Advertising Policy.

9.      Defendants deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10 that the MTA "banned" any advertisements and admit that the MTA rejected Plaintiff's submitted advertisements under the MTA Advertising Policy.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants deny the allegations in Paragraph 12.

13.     To the extent the allegations in Paragraph 13 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 13 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that this action purports to be a civil rights action pursuant to 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

14.     To the extent the allegations in Paragraph 14 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 14 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that this action purports to arise under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1983 and 1988.

15.     To the extent the allegations in Paragraph 15 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 15 are deemed to be allegations of fact, Defendants admit the allegations therein.

16.     To the extent the allegations in Paragraph 16 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 16 are deemed to be allegations of fact, Defendants admit the allegations therein.

## JURY DEMAND

17.     To the extent the allegations in Paragraph 17 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 17 are deemed to be allegations of fact, Defendants admit that Plaintiff requests a trial by jury.

## PARTIES

18.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph18.

19.     To the extent the allegations in Paragraph 19 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 19 are deemed to be allegations of fact, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations therein.

20.     Defendants deny the allegations in Paragraph 20, except admit that the Metropolitan Transportation Authority was created by the New York State Legislature as a public benefit corporation with the responsibility for developing and implementing a unified mass transportation policy for the New York City metropolitan region.  Defendants aver that the MTA carries out these responsibilities directly and through its subsidiaries and affiliates, which are also public benefit corporations, and include the New York City Transit Authority (which operates all subway transportation and most of the public bus transportation in New York City); the Long Island Rail Road Company; Metro-North Commuter Railroad Company; the Staten Island Rapid Transit Operating Authority; and the Triborough Bridge and Tunnel Authority.

21. To the extent the allegations in Paragraph 21 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 21 are deemed to be allegations of fact, Defendants admit that the MTA, in carrying out its purposes and exercising the powers granted to it by statute, performs an essential governmental function.

22. To the extent the allegations in Paragraph 22 are allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 22 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that Lieber is the Chief Development Officer and President of MTA Capital Construction, that the MTA Advertising Policy is a publicly available document that governs which advertisements are eligible for display in MTA advertising space, that the MTA Advertising Policy provides that an advertiser may request a final determination from the MTA Chief Development Officer in stated circumstances, and that Plaintiff purports to sue Lieber in his individual and official capacities.

23. To the extent the allegations in Paragraph 23 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 23 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that Foye is the Chairman and Chief Executive Officer of the MTA and that Plaintiff purports to sue Foye in his individual and official capacities.

## FACTUAL ALLEGATIONS

### I. The History of Plaintiff Dame Products

24. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24.

25. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25.

26.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28.

***Alexa Fine and Janet Lieberman: Dame's Founders***

29.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30.

31.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32.

33.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33.

34.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34.

35.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35.

36.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36.

37.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37.

38.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38.

39.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39.

40.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40.

41.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41.

42.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42.

43.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43.

44.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44.

45.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45.

46.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46.

47.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47.

48.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48.

49.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49.

50.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50.

51.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51.

52.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52.

53.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53.

54.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54.

55.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55.

56.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56.

57.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57.

## II. After Stringing Dame Along for Months, The MTA Suddenly Bans the Proposed Advertisements

*Dame Requests to Advertise on MTA Property*

58.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58.

59.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59, except admit that Paragraph 59 accurately quotes the MTA Advertising Policy and respectfully refer to the MTA Advertising Policy for a full and accurate statement of its content as that document speaks for itself.

60.     Defendants admit the allegations in Paragraph 60 and respectfully refer to the MTA Advertising Policy Frequently Asked Questions webpage referenced therein for a full and accurate statement of its content as that document speaks for itself.

61.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61.

62.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62.

63.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63.

64.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64.

65.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65.

66.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66.

67. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67.

*Dame Carefully Revises its Proposed Advertisements to Reflect the MTA's Feedback*

68. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68.

69. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69.

70. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70.

71. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71.

72. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72.

73. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73.

74. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74.

75. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75.

76. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76, except admit that Thinx advertisements have appeared in MTA advertising space and respectfully refer to the Thinx advertisement referenced therein for a full and accurate statement of its content as that document speaks for itself.

77.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77, except admit that Thinx advertisements have appeared in MTA advertising space and respectfully refer to the Thinx advertisement referenced therein for a full and accurate statement of its content as that document speaks for itself.

78.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78.

79.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79.

80.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80.

81.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81.

82.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82.

83.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83.

### *The MTA Rejects Dame's Advertisements Without Notice*

84.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84.

85.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85.

86.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86.

87.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87.

88.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88, except that Defendants admit that the MTA rejected Plaintiff's advertisements under the MTA Advertising Policy.

89.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89.

90.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, except admit that Paragraph 90 quotes a memorandum from Lieber and respectfully refer to the memorandum for a full and accurate statement of its content as that document speaks for itself.

91.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93.

94.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94.

95.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97, except admit that Andy Byford received an email substantially the same as the one quoted in paragraph 95.

98. Defendants admit the allegations in Paragraph 98 and respectfully refer to the email correspondence on which the allegations therein are based for a full and accurate statement of their contents as those documents speak for themselves. Defendants aver that Andy Byford's comments, as summarized in Paragraph 98, were made over the course of multiple emails exchanged between him and Ms. Fine.

99. Defendants admit the allegations in Paragraph 99 and respectfully refer to the email on which the allegations therein are based for a full and accurate statement of its content as that document speaks for itself.

100. Defendants admit the allegations in Paragraph 100 and respectfully refer to the MTA Advertising Policy Frequently Asked Questions webpage for a full and accurate statement of its content as that document speaks for itself.

101. Defendants admit the allegations in Paragraph 101.

***Dame Suffers Substantial Economic Harm as a Result of the MTA's Decision***

102. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102.

103. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103, except deny that the MTA "banned" Plaintiff's advertisements; instead the MTA rejected them under the MTA Advertising Policy.

104. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104.

105.    To the extent the allegation in Paragraph 105 that the MTA's decision was "unlawful" is deemed to be an allegation of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 105 are deemed to be allegations of fact, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations therein, except deny that the MTA "banned" Plaintiff's advertisements; instead the MTA rejected them under the MTA Advertising Policy.

106.    Defendants deny the allegations in Paragraph 106.

***The MTA's Historically Poor Treatment of Companies That Sell Sex Tools for Women***

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108, except admit that the MTA rejected advertisements proposed by sex toy company Unbound and aver that the MTA informed Outfront that the MTA did not approve the advertisements because they promoted a sexually oriented business under the MTA Advertising Policy.

109.    Defendants deny the allegations in Paragraph 109, except admit that Paragraph 109 quotes the *New York Times* article referenced therein and respectfully refer to the *New York Times* article for a full and accurate statement of its content as that document speaks for itself.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112.

113.    Defendants admit the allegations in Paragraph 113.

### III. The MTA has Long Embraced Advertisements That Are Visually Explicit, Sexually Suggestive, or That Promote Sexually Oriented Businesses

114. Defendants admit the allegations in Paragraph 114 and respectfully refer to the MTA Advertising Policy and letter referenced therein for a full and accurate statement of their contents as those documents speak for themselves.

115. Defendants admit the allegations in Paragraph 115 and respectfully refer to the letter referenced therein for a full and accurate statement of its content as that document speaks for itself.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119, except admit that advertisements for Hims have appeared in MTA advertising space and respectfully refer to the Hims advertisements referenced therein for a full and accurate statement of their contents as those documents speak for themselves.

120. Defendants deny the allegations in Paragraph 120, except admit that the MTA determined that the Hims advertisements depicted in Paragraph 120 do not promote a "sexually oriented business" under the MTA Advertising Policy and that Hims markets erectile dysfunction medication, as well as a broad array of other products for men.

121. To the extent the allegations in Paragraph 121 are Plaintiff's subjective characterization of the Hims and Unbound advertisements referenced therein, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 121 are deemed to be allegations of fact, Defendants deny the allegations therein.

122.     Defendants deny the allegations in Paragraph 122, except admit that the MTA has approved advertisements for other companies that market erectile dysfunction medication and that advertisements for Roman have appeared in MTA advertising space and deny sufficient knowledge or information to form a belief as to the truth of the allegation that the specific Roman advertisement referenced therein appeared in MTA advertising space.

123.     Defendants deny the allegations in Paragraph 123, except admit that Roman markets erectile dysfunction medication, as well as a broad array of other products.

124.     Defendants deny the allegations in Paragraph 124, except admit that New York City Health Department advertisements for condoms and PrEP have appeared in MTA advertising space and respectfully refer to the advertisements referenced therein for a full and accurate statement of their contents as those documents speak for themselves.

125.     Defendants deny the allegations in Paragraph 125, except admit that the advertisements depicted in Paragraph 124 from the New York City Health Department do not promote a "sexually oriented business" under the MTA Advertising Policy.

126.     Defendants deny the allegations in Paragraph 126, except admit that the MTA has approved multiple advertisements for hers, including the advertisement that reads: "Turned on. On your terms." as depicted in Paragraph 126, and respectfully refer to said advertisement for a full and accurate statement of its content as that document speaks for itself.  Further, Defendants admit that hers markets birth control and libido medication for women, among a broad array of other products.

127.     Defendants deny the allegations in Paragraph 127, except admit that the MTA determined that the hers advertisements in Paragraph 126 of the Amended Complaint do not promote a "sexually oriented business" under the MTA Advertising Policy and deny sufficient

knowledge or information to form a belief as to the truth of the allegations concerning the full scope of intended purposes of hers products.

128. To the extent the allegations in Paragraph 128 are Plaintiff's subjective characterization of the Thinx advertisements referenced therein, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 128 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that Thinx markets underwear for menstruation, that the MTA has approved multiple advertisements for Thinx underwear, including the advertisements depicted in Paragraph 128, and that advertisements for Thinx underwear have appeared in MTA advertising space. Defendants aver that the Amended Complaint does not accurately reproduce the manner in which the Thinx advertisements referenced therein were arranged and displayed in MTA advertising space and respectfully refer to the actual Thinx advertisements as they were displayed in MTA advertising space for a full and accurate statement of their contents as those documents speak for themselves.

129. To the extent the allegations in Paragraph 129 are Plaintiff's subjective characterization of the Museum of Sex advertisements referenced therein, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 129 are deemed to be allegations of fact, Defendants deny the allegations therein, except deny sufficient knowledge or information to form a belief as to the truth of the allegation that the Museum of Sex profits from Plaintiff's products, admit that advertisements for the Museum of Sex have appeared in MTA advertising space, and respectfully refer to the Museum of Sex advertisements referenced therein for a full and accurate statement of their contents as those documents speak for themselves.

130. Defendants deny the allegations in Paragraph 130, except admit that the MTA has determined that advertisements for the Museum of Sex do not promote a "sexually oriented

business" under the MTA Advertising Policy and deny sufficient knowledge or information to form a belief as to the truth of the allegations concerning the profitability of the Museum of Sex.

131.    To the extent the allegations in Paragraph 131 are Plaintiff's subjective characterization of the OkCupid advertisements referenced therein, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 131 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that MTA has approved multiple advertisements for OkCupid, including the advertisement referenced in Paragraph 131, and that advertisements for OkCupid have appeared in MTA advertising space, and respectfully refer to the OkCupid advertisement referenced therein for a full and accurate statement of its content as that document speaks for itself.

132.    Defendants deny the allegations in Paragraph 132, except admit that the MTA determined that the advertisement for OkCupid depicted in Paragraph 131 does not promote a "sexually oriented business" under the MTA Advertising Policy.

133.    Defendants deny the allegations in Paragraph 133, except admit that the MTA has approved advertisements for Hims, hers, Roman, the Museum of Sex, and Thinx under the MTA Advertising Policy and deny sufficient knowledge or information to form a belief as to the truth of the allegation that "Dame applauds the MTA's decision to feature advertisements for businesses—like Hims, hers, Roman, the Museum of Sex, and Thinx—that support sexual and reproductive wellness and foster open discourse about human sexuality."

134.    To the extent the allegations in Paragraph 134 are Plaintiff's subjective characterization of advertisements that have appeared in MTA advertising space, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 134 are deemed to be

allegations of fact, Defendants deny the allegations therein and aver that any advertisements that have run in MTA advertising space comply with the MTA Advertising Policy.

135.    To the extent the allegations in Paragraph 135 are Plaintiff's subjective characterization of the advertisements for breast augmentation services referenced therein, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 135 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that advertisements for breast augmentation services have  appeared in MTA advertising space, deny sufficient knowledge or information to form a belief as to the truth of the allegation that such advertisements have been defaced, and respectfully refer to the advertisements for breast augmentation services referenced therein for a full and accurate statement of their contents as those documents speak for themselves.

136.    To the extent the allegations in Paragraph 136 are Plaintiff's subjective characterization of the advertisements for breast augmentation services referenced therein, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 136 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that advertisements for breast augmentation services have appeared in MTA advertising space and respectfully refer to the advertisements for breast augmentation services referenced therein for a full and accurate statement of their contents as those documents speak for themselves.

137.    To the extent the allegations in Paragraph 137 are Plaintiff's subjective characterization of the wanderu advertisement referenced therein, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 137 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that a wanderu advertisement appeared

in MTA advertising space and respectfully refer to the wanderu advertisement referenced therein for a full and accurate statement of its content as that document speaks for itself.

138. To the extent the allegations in Paragraph 138 are Plaintiff's subjective characterization of the Brooklinen advertisements referenced therein, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 138 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that Brooklinen markets luxury bedding, that Brooklinen advertisements appeared in MTA advertising space and respectfully refer to the Brooklinen advertisements referenced therein for a full and accurate statement of their contents as those documents speak for themselves.

139. Defendants deny the allegations in Paragraph 139 and respectfully refer to the advertisement referenced therein for a full and accurate statement of its content as that document speaks for itself.

140. Defendants deny the allegations in Paragraph 140 and aver that the advertisements referenced therein are not advertisements that promote a "sexually oriented business."

141. Defendants deny the allegations in Paragraph 141, except admit that the MTA rejected Plaintiff's advertisements under the MTA Advertising Policy on the ground that they promoted a sexually oriented business.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. To the extent the allegations in Paragraph 145 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 145 are deemed to be allegations of fact, Defendants deny the allegations therein.

146.     To the extent the allegations in Paragraph 146 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 146 are deemed to be allegations of fact, Defendants deny the allegations therein.

147.     To the extent the allegations in Paragraph 147 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 147 are deemed to be allegations of fact, Defendants deny the allegations therein.

148.     Defendants deny the allegations in Paragraph 148.

## IV.     The MTA's Refusal to Run Dame's Advertisements Reflects Its Victorian View of Sexuality and Disproportionately Harms Women

149.     Defendants deny the allegations in Paragraph 149.

150.     Defendants deny the allegations in Paragraph 150, except deny sufficient knowledge or information to form a belief as to the truth of the allegations regarding "our culture's discomfort with women's sexuality is well known" and aver that this was not the reason the MTA rejected Plaintiff's advertisements.

151.     Defendants deny the allegations in Paragraph 151, except admit that advertisements for hers have appeared in MTA advertising space.

152.     Defendants deny the allegations in Paragraph 152.

153.     Defendants deny the allegations in Paragraph 153.

154.     Defendants deny the allegations in Paragraph 154 and aver that the MTA did not reject Plaintiff's advertisements for the reasons cited therein.

155.     To the extent the allegations in Paragraph 155 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 155 are deemed to be allegations of fact, Defendants deny that the allegations accurately describe the MTA's attitudes or the reasons why MTA rejected Plaintiff's advertisements.

156.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156.

157.     Defendants deny the allegations in Paragraph 157.

158.     Defendants deny the allegations in Paragraph 158.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – First Amendment**

159.     Defendants repeat and re-allege their responses to Paragraphs 1 through 158 above as though fully set forth herein.

160.     To the extent the allegations in Paragraph 160 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 160 are deemed to be allegations of fact, Defendants deny the allegations therein.

161.     To the extent the allegations in Paragraph 161 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 161 are deemed to be allegations of fact, Defendants deny the allegations therein.

162.     To the extent the allegations in Paragraph 162 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 162 are deemed to be allegations of fact, Defendants deny the allegations therein.

163.     To the extent the allegations in Paragraph 163 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 163 are deemed to be allegations of fact, Defendants deny the allegations therein.

164.     To the extent the allegations in Paragraph 164 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 164 are deemed to be allegations of fact, Defendants deny the allegations therein.

165.     Defendants deny the allegations in Paragraph 165.

166. To the extent the allegations in Paragraph 166 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 166 are deemed to be allegations of fact, Defendants deny the allegations therein, except admit that the MTA determined that Plaintiff's advertisements promoted a "sexually oriented business" under the MTA Advertising Policy.

167. Defendants deny the allegations in Paragraph 167.

168. Defendants deny the allegations in Paragraph 168.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Fourteenth Amendment – Voice for Vagueness

169. Defendants repeat and re-allege their responses to Paragraphs 1 through 168 above as though fully set forth herein.

170. To the extent the allegations in Paragraph 170 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 170 are deemed to be allegations of fact, Defendants deny the allegations therein.

171. Defendants admit the allegations in Paragraph 171 and respectfully refer to the MTA Advertising Policy for a full and accurate statement of its content as that document speaks for itself.

172. To the extent the allegations in Paragraph 172 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 172 are deemed to be allegations of fact, Defendants deny the allegations therein.

173. Defendants deny the allegations in Paragraph 173.

174. Defendants deny the allegations in Paragraph 174.

## THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection Violation ("Class of One")

175.     Defendants repeat and re-allege their responses to Paragraphs 1 through 174 above as though fully set forth herein.

176.     To the extent the allegations in Paragraph 176 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 176 are deemed to be allegations of fact, Defendants deny the allegations therein.

177.     Defendants deny the allegations in Paragraph 177, except admit that advertisements for Hims, Roman, hers, the Museum of Sex, and OkCupid have appeared in MTA advertising space and the MTA rejected Plaintiff's advertisements under the MTA Advertising Policy.

178.     To the extent the allegations in Paragraph 178 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 178 are deemed to be allegations of fact, Defendants deny the allegations therein.

179.     Defendants deny the allegations in Paragraph 179.

180.     Defendants deny the allegations in Paragraph 180.

181.     Defendants deny the allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

## FOURTH CAUSE OF ACTION
## Article I, Section 8, of the New York State Constitution – Freedom of Speech

183.     Defendants repeat and re-allege their responses to Paragraphs 1 through 182 above as though fully set forth herein.

184.     To the extent the allegations in Paragraph 184 are deemed to be allegations of law, Defendants are not required to respond thereto.  To the extent the allegations in Paragraph 184 are deemed to be allegations of fact, Defendants deny the allegations therein.

185. To the extent the allegations in Paragraph 185 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 185 are deemed to be allegations of fact, Defendants deny the allegations therein.

186. To the extent the allegations in Paragraph 186 are deemed to be allegations of law, Defendants are not required to respond thereto. To the extent the allegations in Paragraph 186 are deemed to be allegations of fact, Defendants deny the allegations therein.

187. Defendants deny the allegations in Paragraph 187.

## AFFIRMATIVE DEFENSES

By alleging the affirmative defenses set forth below Defendants do not in any way acknowledge or concede that they have the burden of proof on any issue or defense as to which applicable law places the burden on Plaintiff. Defendants reserve the right to amend their Answer and Affirmative Defenses to assert such additional defenses that may later become available or apparent.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendants Lieber and Foye in their official capacities. The claims against Lieber and Foye in their official capacities are redundant of the claims against the MTA and must be dismissed on that basis.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendant Foye because the Amended Complaint does not allege that he had any personal involvement with the MTA's decisions regarding Plaintiff's advertisements or the MTA Advertising Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any violation of its rights under the First or Fourteenth Amendments of the U.S. Constitution resulting from MTA's denial of Plaintiff's advertisements under the MTA Advertising Policy. But even, assuming arguendo, that any of the alleged conduct amounted to a violation of Plaintiff's constitutional rights, to the extent Plaintiff challenges any actions taken by Defendants Lieber and Foye, their actions did not violate clearly established law. Further, it was objectively reasonable for Defendants Lieber and Foye to believe that their actions did not violate the law. For each of these independent reasons, Defendants Foye and Lieber are each entitled to qualified immunity for the claims against them under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff unduly delayed by waiting more than six months to commence this action after learning that its advertisements would not appear in MTA advertising space, and Defendants have been prejudiced as a result of Plaintiff's delay. To the extent Plaintiff seeks equitable relief, such claims are barred in whole or in part by reason of laches.

## SIXTH AFFIRMATIVE DEFENSE

MTA cannot be held liable based on a theory of respondeat superior liability as the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff took no reasonable steps to limit its damages and instead incurred unreasonable costs in preparing the advertisements at issue in this action and unreasonably "bypassed other business opportunities" allegedly because it expected to advertise in MTA advertising space. Plaintiff therefore failed to meet its obligation to mitigate its damages, and any damages awarded to Plaintiff in this action must be reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual injury as a result of Defendants' actions that would entitle it to compensatory damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because it has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges to have suffered damages, any such damages were caused in whole or in part by the acts or omissions of third parties for whose intervening conduct Defendants are not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against MTA fail because Plaintiff cannot establish there was an official policy or custom that directly caused any constitutional violations.

## PRAYER FOR RELIEF

Defendants respectfully request that the Court enter a judgment dismissing the Amended Complaint in its entirety with prejudice, award Defendants attorney's fees and costs, and grant any further relief the Court deems just and equitable.

Dated:  New York, New York
        January 17, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*/s/ Victor A. Kovner*
Victor A. Kovner
Linda Steinman
Eric J. Feder
Meredith I. Santana

1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
Email: victorkovner@dwt.com
      lindasteinman@dwt.com
      ericfeder@dwt.com
      meredithsantana@dwt.com

*Counsel for Defendants*