UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAME PRODUCTS,

    Plaintiff,

-against-

THE METROPOLITAN TRANSIT AUTHORITY, JANNO LIEBER , individually and in his official capacity as Chief Development Officer and President of MTA Capital Construction, and PAT FOYE, individually and in his official capacity as Chairman and Chief Executive Officer of the MTA,

    Defendants.

Case No. 1:19-cv-05649-PKC
*AND FINAL*
SECOND REVISED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

---

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties (~~consent~~) (<u>do not consent</u>) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. This case (<u>is</u>) (~~is not~~) to be tried to a jury, <u>without waiver of defendants' right to assert that claims for injunctive and/or declaratory relief must be decided by the Court</u>.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. *The date for filing such motions has expired.*

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., have been completed.

5. All fact discovery shall be completed no later than <u>March 5, 2021</u>.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a. Initial requests for production of documents have been served.
    b. Initial interrogatories have been served.
    c. Depositions to be completed by <u>February 19, 2021</u>.
    d. Requests to Admit to be served no later than <u>March 5, 2021</u>.

1

7.
    a. All expert discovery shall be completed no later than <u>April 30, 2021</u>.

    b. No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a)

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions <u>in limine</u> may be made without a premotion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a premotion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, <u>i.e.</u>, the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.
    a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

    <u>The parties have had extensive settlement discussions and have exchanged certain information to facilitate that process. The parties now believe that formal discovery will be necessary to adduce the necessary evidence to resolve the case.</u>

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    <u>The parties' counsel are prepared to continue informal settlement negotiations, though those discussion are currently at an impasse. The parties propose a settlement conference before the Magistrate Judge or a private mediator as potential further alternative dispute resolution mechanisms at or near the close of fact discovery.</u>

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g.</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)

2

<u>At or near the close of fact discovery.</u> *(unless extended by Order of this Court.)*

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is ~~thirty~~ forty-five (~~30~~45) days following the close of fact and expert discovery ~~or forty-five (45) days after resolution of any motion(s) for summary judgment (whichever is later)~~. By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions <u>in limine</u> shall be filed after the close of discovery and before the Final Pretrial Submission Date and the premotion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is <u>one week.</u>

13. [Other items, including those in Rule 26(f)(3).]

<u>For the initial Request for Production of Documents ("Document Request"), the responsive documents were due no earlier than sixty (60) days from the date of the Document Request.</u>

<u>The parties shall confer on appropriate limitations on the format and level of detail in any privilege log pursuant to Local Civil Rule 26.2(c).</u>

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other] *December 3 conference is VACATED.*

15. The next Case Management Conference is scheduled for *March 24, 2021* at *10:30 a.m.*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with

3

paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: 10-13-20

*P. Kevin Castel*
United States District Judge